JS 44 (Rev. 06/17)

# JS 44 CIVIL COVER SHEET

19-cv-1508

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
David and Dina Rankin, Individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff: Phoenixville, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan Shub, Esq., Kohn, Swift & Graf, P.C., 1600 Market Street, Philadelphia, PA 19103 (215) 238-1700

## DEFENDANTS
SALDUTTI, LLC a/k/a SALDUTTI LAW, LLC a/k/a SALDUTTI LAW GROUP; WILLIAM F. SALDUTTI, III; ROBERT L. SALDUTTI; and CUSTOMERS BANK

County of Residence of First Listed Defendant: Cherry Hill, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

[X] 890 Other Statutory Actions (among other options)

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332 - Diversity of Citizenship

Brief description of cause:
Violation of FDCPA and TILA

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 5,000,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 04/09/2019
SIGNATURE OF ATTORNEY OF RECORD

APR -9 2019

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**19        1508**

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____Phoenixville, PA_____

Address of Defendant: _____800 Kings Hwy N, Cherry Hill, NJ 08034_____

Place of Accident, Incident or Transaction: _____Chester County, PA_____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✔]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✔]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✔]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✔]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __04/09/2019__   _____ (Attorney-at-Law / Pro Se Plaintiff)   __53965__ Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A.   **Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify):* _____

B.   **Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. [✔] All other Diversity Cases
   *(Please specify):* __Class Action Under 28 U.S.C 1332 (d)__

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Jonathan Shub__, counsel of record or pro se plaintiff, do hereby certify:

[✔] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

[ ] Relief other than monetary damages is sought.

APR -9 2019

DATE: __04/09/2019__   _____ Attorney-at-Law / Pro Se Plaintiff   __53965__ Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| David and Dina Rankin, et al., | : | CIVIL ACTION |
| v. | : | |
| SALDUTTI, LLC a/k/a SALDUTTI LAW, LLC a/k/a SALDUTTI LAW GROUP; WILLIAM F. SALDUTTI, III; ROBERT L. SALDUTTI; and CUSTOMERS BANK | : | NO. 19 1508 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| 4/9/2019 | /s/ Jonathan Shub | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 238-1700 | (215) 238-1968 | jshub@kohnswift.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR -9 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID AND DINA RANKIN, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SALDUTTI, LLC a/k/a SALDUTTI LAW, LLC a/k/a SALDUTTI LAW GROUP; WILLIAM F. SALDUTTI, III; ROBERT L. SALDUTTI; and CUSTOMERS BANK,<br><br>Defendants. | 19   1508<br><br>CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiffs David and Dina Rankin ("Plaintiffs" or the "Rankins"), by and through their undersigned counsel, file this Class Action Complaint against Defendants Saldutti, LLC a/k/a Saldutti Law, LLC a/k/a Saldutti Law Group, William F. Saldutti, III, Robert L. Saldutti, and Customers Bank, and in support thereof allege as follows:

## NATURE OF THE ACTION

1. This is an action for damages brought by Plaintiffs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), against Defendants Saldutti, LLC a/k/a Saldutti Law, LLC a/k/a Saldutti Law Group, William F. Saldutti, III, and Robert L. Saldutti (collectively the "Saldutti Defendants"), and under 15 U.S.C. § 1640 (Truth in Lending Act or "TILA") against Defendant Customers Bank ("Customers Bank" or the "Bank").

2. The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of a consumer debt, found by Congress to be prevalent in the debt collection industry.

{00196381 }

3. At all times relevant hereto, the Saldutti Defendants have represented Customers Bank in collection-related matters and were engaged by the Bank to collect the Customers Loan.

4. The Saldutti Defendants are subject to strict liability for acquiring and utilizing Plaintiffs' confidential financial information under false pretenses of evaluating a settlement offer in order to lower monthly payment on Plaintiffs' existing debt obligation.

5. Defendant Customers Bank is subject to strict liability under the Truth in Lending Act for furnishing a financial form application to Plaintiffs and Class Members under false pretenses of evaluating settlement offers in order to lower monthly payment on Plaintiffs' and Class Members' existing debt obligations.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of the claims asserted herein pursuant to 28 U.S.C. § 1332(d)(2)(A) in that the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which members of the putative plaintiff class are citizens of states different from Defendants.

7. Venue is proper pursuant to 15 U.S.C. § 80b-14 and 28 U.S.C. § 1391. Defendant regularly transacts and solicits business in this District, and Plaintiffs reside in this District. Further, the events that give rise to Plaintiffs' claims occurred in this District.

## PARTIES

8. Plaintiffs, David and Dina Rankin, are spouses residing at 1123 Rapps Dam Rd. Phoenixville, Pennsylvania, 19640-1949.

9. Defendant Saldutti, LLC a/k/a Saldutti Law, LLC a/k/a Saldutti Law Group ("Saldutti Law") is a law firm with offices at 800 North Kings Highway, Suite 300, Cherry Hill, NJ 08034.

10. Defendant William F Saldutti, III is a licensed attorney who practices with the defendant law firms from their offices at 800 North Kings Highway, Suite 300, Cherry Hill, NJ 08034.

11. Defendant Robert L. Saldutti is a licensed attorney who practices with the defendant law firms from their offices at 800 North Kings Highway, Suite 300, Cherry Hill, NJ 08034.

12. Defendant Customers Bank is a state-chartered banking corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business at 99 Bridge Street, Phoenixville, PA 19460.

13. At all times material hereto, the individual Defendants acted in their own right, and as agents for and on behalf of the entity Defendants with which they were associated.

## SUBSTANTIVE ALLEGATIONS

14. In 2006, the Rankins took out a personal loan with Customers Bank, in the amount of $10,000 to pay for their son's private education tuition.

15. Fully determined to pay on the loan, the Rankins paid the balance down to approximately $2,700.00 before encountering financial difficulties and subsequently defaulting on the loan.

16. At all times relevant hereto, the Saldutti Defendants have represented Customers Bank in collection-related matters and were engaged by the Bank to collect the Customers Loan.

17. On November 15, 2011, the Saldutti Defendants obtained a judgment, including attorneys' fees, totaling approximately $4,900.00 against Plaintiffs for consumer debt owed to Customers Bank, the original creditor.

18. The Rankins remained determined to resolve the outstanding debt and entered into a repayment of $50 per month with Customers Bank through the Saldutti Defendants' office.

19. However, due to further personal financial difficulties that the Rankins encountered in 2017, they were forced to miss several payments.

20. In or around May 2018, when the Rankins' financial situation somewhat improved, Mr. Rankin telephoned William Saldutti III to inquire about rehabilitation and reconciliation of the payment plan.

21. By and through their agents acting within the scope of their employment, the Saldutti Defendants sent Plaintiffs an email on June 22, 2018, explicitly requiring Plaintiffs to furnish to Defendants their complete and unredacted tax returns. The true and correct copy of the written communication to that effect is attached hereto as **Exhibit A.**

22. Furthermore, the Saldutti Defendants required Plaintiffs to complete a comprehensive "financial form". The financial form was attached to the June 22, 2018 e-mail. The financial form was furnished by the Saldutti Defendants, and prepared and issued by Customers Bank on Customers Bank's letterhead containing the Bank's logo. The financial form is attached hereto as **Exhibit B**.

23. The financial form was provided to Plaintiffs by Defendants under the guise that if Plaintiffs provided the required financial information, Defendants would consider lowering Plaintiffs' monthly payments of the underlying debt.

24. The form plainly states that the Bank is collecting confidential consumer data for the purpose of "inducing a bank to extend credit" and that it is an application for an extension of credit with the Bank, when it is not, which violates 15 U.S.C. § 1692(e).

25. The form also purports to take ownership of the consumer's confidential financial data under false pretenses – a violation of 15 U.S.C. § 1692(f) relating to unfair practices.

26. With respect to the Bank, the form also violates TILA because it is actually a credit extension application form of the Bank. But, the only "credit" at issue herein, as reasonably understood by Plaintiffs, was in the lowering of the monthly payments of the original debt owed to the Bank.

27. Absolutely no disclosures, which are required by TILA, were provided to Plaintiffs by the Bank, at any point in time before or after Plaintiffs furnished the Defendants with the financial form.

28. Led to believe that they would at least be considered for lower monthly payments with Defendants, the Rankins diligently complied and furnished Defendants with their tax returns, as well as the completed comprehensive "financial form" prepared by the Defendants.

29. After submitting this information, the Rankins awaited and fully expected to hear back from Defendants regarding the payment plan, as promised by Defendants.

30. However, after acquiring Rankins' tax returns, as well as the completed financial form, Defendants never responded to the Rankins' request about *any* payment plan, much less the lowered monthly payments.

31. In fact, the Rankins made numerous phone calls and sent approximately five emails to Defendants regarding the payment plan and lowering thereof, over the period of several months, seeking at least a response to their proposed payment plan and "financial form" and the tax returns they had submitted.

32. But Defendants never responded to any of these calls or emails, in any way, not even with a denial of a repayment plan.

33. The truth is, it was never Defendants' intention to consider the Rankins for a repayment plan upon receiving the tax returns and financial form. The request was a mere sham made under false pretenses in violation of federal law discussed herein.

34. Indeed, Defendants scheme to induce Plaintiffs to furnish sensitive financial information was made under false pretenses of being considered for lower monthly payment of the debt, and done solely for the purpose of circumventing the Pennsylvania Rules of Civil Procedure pertaining to execution. As such, Defendants actions constitute unfair debt collection prohibited by the FDCPA.

35. Instead of considering the Rankins for a payment plan, Defendants utilized and capitalized off the confidential and privileged information found in the documents the Rankins furnished under false pretenses of consideration for a lower monthly payment only to aggressively levy accounts and assets, regardless of whether those assets and accounts were titled and deeded under David and Dina Rankin, against whom he had a judgment, or not.

36. Defendants' actions with respect to acquiring the Rankins' personal and financial information under false pretenses through a uniform financial form provided to Plaintiffs and the Class violates the FDCPA and TILA as discussed more fully below.

## CLASS ALLEGATIONS

37. Plaintiffs bring this action pursuant to Pennsylvania law on behalf of themselves and all other similarly situated Consumers in the Commonwealth of Pennsylvania who were provided with Defendants' financial form at any time within the applicable statutes of limitations preceding the filing of this action through and including the date of judgment.

38. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or complaint.

39. Excluded from the Class are Defendants; any parent, subsidiary or affiliate of Defendants; any entity in which any Defendants have or have had a controlling interest or which Defendants otherwise control or controlled; and any officer, director, legal representative, predecessor, successor or assignee of a Defendant.

40. This action is properly maintainable as a class action. As provided in Pennsylvania law, the proposed Class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable. There are questions of law or fact common to all Class Members that predominate over any questions affecting only individual members. Specifically, the common questions of fact and law include:

   i. Whether Defendants violated the Fair Debt Collection Practices Act;

   ii. Whether Defendants violated the Truth in Lending Act; and

   ii. Whether Plaintiffs and the Class have sustained damages and, if so, the proper measure thereof.

41. The proposed lead Plaintiffs' claims are typical of the proposed class because the proposed lead Plaintiffs' claims are based upon the same facts and circumstances (practice or course of conduct) that gives rise to the claims of the other class members, and based upon the same predominant legal theories.

42. The representative Plaintiffs can adequately and fairly represent the class. No conflict of interest exists between the representative Plaintiffs and the Class Members because Defendants' alleged conduct affected them similarly.

43. The Plaintiffs and their chosen attorneys are familiar with the subject matter of the lawsuit and have full knowledge of the allegations contained in this complaint so as to be able to assist in its prosecution. In addition, the Plaintiffs' attorneys are competent in the areas of law relevant to this Complaint and have sufficient experience and resources to vigorously represent the Class Members and prosecute this action.

44. A class action is superior to any other available method for adjudicating this controversy. The proposed class is the surest way to (i) fairly and expeditiously compensate so large a number of injured persons that constitute the Class, (ii) keep the courts from being inundated by hundreds if not thousands of repetitive cases, and (iii) reduce transaction costs so that the injured class members can obtain the most compensation possible. Accordingly, class treatment presents a superior mechanism for fairly resolving similar issues and claims without repetitious wasteful litigation relevant to this action.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq.
### Asserted on Behalf of Plaintiffs and the Class
### (Against the Saldutti Defendants)

45. Plaintiffs incorporate by reference every prior and subsequent allegation of this Complaint as if fully restated here.

46. Plaintiffs bring this claim on their own behalf and on behalf of each member of the Class described above.

47. The Fair Debt Collection Practices Act (FDCPA) prohibits debt collectors from using unfair or unconscionable methods to collect or attempt to collect debts. 15 U.S.C. § 1692(f).

48. The Plaintiffs are defined as consumers under 15 U.S.C. § 1692(a)(3).

49. The Saldutti Defendants are defined as a creditor under 15 U.S.C. § 1692(a)(4) and as a debt collector under 15 U.S.C. § 1692(a)(6).

50. The loans at issue here were debts primarily for personal, family, or household purposes, as defined by 15 U.S.C. § 1692(a)(5).

51. In violation of 15 U.S.C. § 1692(f), the Saldutti Defendants engaged in unfair or unconscionable means to collect a debt, including, but not limited to, acquiring Plaintiffs' and Class Members personal and financial information, under false pretense of evaluating a proper payment under a plan, through a uniform financial form.

52. By acquiring the information pursuant to the financial form, as described above, without any intent to consider or at least notify Plaintiffs and the Class that their written proposal of modification was rejected, the Saldutti Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692(e).

53. The Saldutti Defendants are liable to the Rankins and each of the Class members for actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 15 U.S.C. § 1692(k)(a)(2)(A), and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692(k)(a)(3).

### COUNT II
### Violation of the Truth in Lending Act, 16 U.S.C. 1601, et seq.
### Asserted on Behalf of Plaintiffs and the Class
### (Against Defendant Customers Bank)

54. Plaintiffs incorporate by reference every prior and subsequent allegation of this Complaint as if fully restated here.

55. Plaintiffs bring this claim on their own behalf and on behalf of each member of the Class described above.

56. Congress enacted the Truth in Lending Act ("TILA"), Pub. L. No. 90-321, 82 Stat. 146 (1968) (codified as amended at 15 U.S.C. §§ 1601–1667(f), in response to "widespread consumer confusion about the nature and cost of credit obligations." *Gennuso v. Commercial Bank & Tr. Co.*, 566 F.2d 437, 441 (3d Cir. 1977).

57. Defendant Customers Bank is a creditor under TILA pursuant to 15 U.S.C. § 1602(g).

58. The Plaintiffs and Class members are consumers under 15 U.S.C. § 1602(i).

59. TILA's express purpose is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a).

60. TILA covers consumer credit loans, including mortgages, credit cards, and home equity loans, and was designed so that the disclosures given to consumers would be consistent and standardized.

61. This law requires a creditor to disclose certain information in writing regarding the terms of a credit transaction. *See also* Regulation Z (12 C.F.R. Part 226).

62. To further that policy, TILA generally requires that a creditor in a consumer transaction disclose, among other things: "(1) the identity of the creditor; (2) the amount financed; (3) the finance charge; (4) the annual percentage rate; (5) the sum of the amount financed and the finance charge, or total of payments; [and] (6) the number, amount, and due dates or period of payments scheduled." *Cappuccio v. Prime Capital Funding LLC*, 649 F.3d 180, 188 (3d Cir. 2011), as amended (Sept. 29, 2011) (internal quotation marks omitted).

63. Under TILA, creditors also must provide "explanations and definitions" of each of those terms, as well as information regarding borrowers' rights. All of this information must be disclosed clearly and conspicuously in a reasonably understandable form and readily noticeable to the consumer.

64. Under TILA, a creditor is considered strictly liable for any violations under the Act. Any creditor in violation of TILA is subject to monetary damages, regardless of the creditor's intent.

65. For any of the material violations TILA provides a private right of action for any actual damages sustained by a person as a result of the failure, and statutory damages (limited to twice the finance charge, but not less than $400 and not more than $4,000). *See* 15 U.S.C. § 1640(a)(1)(2).

66. Customers Bank is an original creditor for the "debt" at issue in this litigation.

67. Customers Bank did not fulfill its duty under TILA.

68. At all times relevant hereto the Saldutti Defendants acted as representatives and agents in due course of the Bank, and the Bank acted by and through the Saldutti Defendants.

69. The "financial form" furnished to Plaintiffs and the Class by Defendants is actually a credit extension application form of original creditor, Customers Bank. *See* Exhibit B.

70. The only "credit" at issue herein, as reasonably understood by the Rankins, was in the lowering of the monthly payments of the original debt owed to the Bank.

71. Absolutely no disclosures, which are required by TILA, were provided to the Rankins by the Bank, at any point in time before or after Plaintiffs furnished the Defendants with the financial form that clearly states it is for extension of credit.

72.     The Plaintiffs and the Class members have been injured and suffered monetary losses because of the Bank's violations of TILA.

73.     Pursuant to 15 U.S.C. § 1640, Customers Bank is liable for actual and/or statutory damages, in an amount to be determined by the Court, plus attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Issue an order certifying the Class defined above, appointing the Plaintiffs as Class Representatives and designating their attorneys as Class Counsel;

(b) Find that Defendants have committed the violations of law alleged herein;

(c) Enter an order granting monetary relief and damages on behalf of the Class;

(d) Enter an order granting all appropriate relief on behalf of the Class under the applicable laws;

(e) Render an award of compensatory damages, the amount of which is to be determined at trial;

(f) Enter a judgment including interest, costs, reasonable attorneys' fees, costs and expenses; and

(g) Grant all such other relief as the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

April 9, 2019                              Respectfully Submitted By:

                                           _____
                                           Jonathan Shub (PA #53965)
                                           Kevin Laukaitis (PA #321670)
                                           **KOHN, SWIFT & GRAF, P.C.**
                                           1600 Market Street
                                           Suite 2500
                                           Philadelphia, PA 19103
                                           Phone: 215-238-1700
                                           jshub@kohnswift.com
                                           klaukaitis@kohnswift.com

                                           Predrag Filipovic (PA #312568)
                                           **LAW OFFICES OF PREDRAG FILIPOVIC**
                                           1735 Market Street
                                           Suite 3750
                                           Philadelphia, PA 19103
                                           Phone: 267-265-0520
                                           pfesq@ifight4justice.com

                                           *Attorneys for Plaintiffs and the Class*